UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEITH HOFF,<br><br>                    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                    Defendant. | Case No. 2:12-cv-00235-MMD-PAL<br><br>**ORDER**<br><br>(IFP App - Dkt. #4) |

This matter is before the court on Plaintiff Keith Hoff's Application to Proceed In Forma Pauperis (Dkt. #4). Plaintiff is proceeding in this action pro se. Previously, Plaintiff submitted Initiating Documents (Dkt. #1), but failed to pay the $350.00 filing fee or submit an application to proceed in forma pauperis. The court entered an Order (Dkt. #3) directing Plaintiff to pay the filing fee or file an application. Plaintiff complied by filing the Application. This proceeding was referred to this court by Local Rule IB 1-9.

**I.      In Forma Pauperis Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.     Screening the Complaint**

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint

with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

The complaint was filed on the court's form civil rights complaint pursuant to 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42 (1988) (citation omitted). States and state officers sued in their official capacity are not "persons" for the purposes of a section 1983 action, and generally, they may not be sued under the statute. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). Section 1983 does allow suits against state officers in their individual capacities. *Hafer v. Melo*, 502 U.S. 21, 26 (1991).

Plaintiff's complaint is difficult to follow, but it appears to allege that the named Defendants violated Plaintiff's rights under the First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Amendments of the United States Constitution. *See* Complaint at 4. Here, Plaintiff's complaint names the following Defendants: E. Tabaldi, a special agent with the Federal Bureau of Investigation; Patrick Marshall, a former California attorney who was disbarred in 2011; several unnamed state and federal

judges; Fidelity National Title, and Fernando Jiminez, a California accountant. The caption also names the United States of America, but the body of the complaint contains no allegations against this Defendant. Plaintiff contends that Defendants violated his constitutional rights over a period of twenty years, causing Plaintiff to spend six months in jail. Additionally, Defendants took all of Plaintiff's "money, collateral, entitlements and gave them to frauds." *Id.* Plaintiff alleges that Defendant Marshall used Plaintiff's money to subpoena records "which would of [sic] either got [him] paid over 2 million dollars or [his] real property back." *Id.* He notes that Marshall was disbarred by the State Bar of California, and alleges Marshall used Plaintiff's retainer fee to build a custom home in La Quinta, California. *Id.* at 5. Plaintiff asserts Defendant Jiminez lied to a jury, stating Jiminez legally took Plaintiff's interest in notes and property when, in truth, Defendant Jiminez embezzled cash and property. Plaintiff alleges Defendant Tabaldi was "unintentionally" deceived by "these professional crooks," had Plaintiff wrongfully arrested, and later threatened Plaintiff. *Id.* at 4. Defendant Tabaldi made "untrue allegations" against Plaintiff that he was a "crook, thief, and uncivil person." *Id.* at 6.

Plaintiff alleges that the state and federal court judges named as Defendants were deceived by "numerous lawyers who knew they were causing the judges to maliciously prosecute [Plaintiff] while they were being paid hundreds of thousands of dollars." *Id.* at 4. He objects to a decision by an unnamed bankruptcy judge that "allowed the group of crooks to go unpunished for depriving [Plaintiff] of any money rightfully belonging to [him]." *Id.* Plaintiff also asserts that Fidelity National Title "put title insurance policy belonging to [Plaintiff] in a corporation [owned] by frauds and professional equity skimmer." *Id.* at 2. Plaintiff seeks "tens of millions" of dollars in punitive damages. *Id.* at 9.

As an initial matter, Plaintiff has not pled sufficient facts to support his claims against the Defendants. A complaint must allege facts "to state a claim that is plausible on its face." *Twombly*, 550 U.S. at 570. It is unclear whether Plaintiff's claims against the Defendants are related or involve separate incidents. Throughout the complaint, Plaintiff refers to a criminal case in which he was arrested, a bankruptcy case, and a civil lawsuit filed against Plaintiff in California, but Plaintiff has not provided any factual detail at all about any of these cases or how they relate to his claims in this case. Furthermore, the complaint does not allege when any of the Defendants' conduct occurred. Plaintiff contends his constitutional rights have been violated over a period of twenty years, but Plaintiff has not

alleged when, during this twenty year period of time, Defendants allegedly violated Plaintiff's constitutional rights. Plaintiff has failed to plead sufficient facts to support a claim on which relief can be granted, and therefore, it will be dismissed with leave to amend.

In addition, however, Plaintiff has not stated a section 1983 claim against the named Defendants because he has alleged no facts to indicate that any of the Defendants are state actors. The purpose of § 1983 is to deter *state actors* from using the badge of their authority to deprive individuals of their federally guaranteed rights." *McDade v. West*, 223 F.3d 1135, 1139 (emphasis added) (citing *Wyatt v. Cole*, 504 U.S. 158, 161 (1992)). The "under color of state law" requirement is an essential element of a § 1983 action, and it is Plaintiff's burden to establish they were acting under color of state law when they deprived him of federal rights. *See Lee v. Katz,* 276 F.3d 550, 553-54 (9th Cir. 2002). A defendant acts under color of state law where he has exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *See West,* 487 U.S. at 49.

**A.   Defendants Marshall, Jiminez, and Fidelity National Title.**

With respect to Marshall, a lawyer; Jiminez, an accountant; and Fidelity National Title, a title company, Plaintiff has not stated a claim under section 1983. As a general matter, the "under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Marsh v. Cty. of San Diego,* 680 F.3d 1148, 1158 (9th Cir. 2012) (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999)); *see also Simmons v. Sacramento County Superior Court,* 318 F.3d 1156, 1161 (9th Cir. 2003) (explaining that lawyer in private practice does not act under color of state law). Plaintiff has not alleged that any of these Defendants are state actors or that they were acting under color of state law. Based upon Plaintiff's allegations, these Defendants appear to be private parties, and Plaintiff has not stated a claim under section 1983 against Marshall, Jiminez, or Fidelity National Title. Accordingly, Plaintiff's claims against these Defendants will be dismissed.

**B.   The Judicial Defendants.**

Plaintiff also attempts to assert claims against "Judges, both State and Federal." Complaint at 2. However, he has not specifically named any particular person as a Defendant and refers to "several

4

judges," asserting they were "deceived by numerous lawyers who knew they were causing the judges to maliciously prosecute me while they were being paid hundreds of thousands of dollars." Complaint at 4. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, grouping multiple defendants together in a broad allegation is insufficient to provide the defendants with fair notice of the claims against them and the grounds for relief. *See In re Sagent Technology, Inc.,* 278 F. Supp. 2d 1079, 1094-95 (N.D. Cal. 2003) (citing *Conley v. Gibson* 355 U.S. 41, 47-78 (1957)*, abrogated on other grounds by Twombly,* 127 S.Ct. 1955 (granting motion to dismiss because complaint did not allege which defendant was responsible for which alleged wrong)). In order to state a claim under § 1983, a plaintiff must: (a) identify each individual he believes caused him harm; and (b) as to each individual, specifically identify the constitutional right violated and the specific facts demonstrating that individual's conduct.  Here, Plaintiff has not identified any particular state or federal judge or alleged specific facts against them. His claim that these unspecified judges "unintentionally ruled against" Plaintiff is insufficient to put any specific person on notice of any specific claim, and does not state a claim on which relief may be granted.

Additionally, even if Plaintiff's allegations complied with Rule 8's pleading requirements, his claims against the judges involve actions taken by them in their official judicial capacity. As a result, the judges are absolutely immune from suit. The United States Supreme Court has repeatedly held that judges and those performing quasi-judicial functions are absolutely immune from damages for acts performed within their judicial capacities. *See Nixon v. Fitzgerald*, 457 U.S. 731, 766 (1982); *see also Miller v. Davis,* 521 F.3d 1142m 1145 (9th Cir. 2008); *Ashelman v. Pope,* 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) (stating "[j]udges . . . are absolutely immune from damage liability for acts performed in their official capacities"). Plaintiff's allegations concerning actions undertaken in the judges' official judicial capacities fail to state a claim upon which relief can be granted for this reason as well.

### C. Defendant Tabaldi.

Plaintiff may be attempting to state a constitutional claim against Defendant Tabaldi under the United States Supreme Court's decision in *Bivens v. Six Unknown Named Agents of the Fed'l Bureau of Narcotics*, 403 U.S. 388 (1971), because Tabaldi is an agent of the Federal Bureau of Investigation, a

federal agency.  In *Bivens,* the Supreme Court recognized an implied right of action for damages against federal officers alleged to have violated a person's constitutional rights.  *See Correctional Svs. Corp. v. Malesko,* 534 U.S. 61, 66 (2001).  *Bivens* actions against federal employees are the "judicially[-]crafted counterpart" to claims against state actors arising under 42 U.S.C. § 1983.  *See Chavez v. I.N.S.,* 17 F. Supp. 2d 1141, 1143 (S.D. Cal. 1998) (citing *Gibson v. United States,* 781 F.2d 1334, 1342 (9th Cir. 1986), *cert. denied,* 479 U.S. 1054 (1987)).  A *Bivens* claim differs from a §1983 claim only because a federal, rather than a state, defendant is sued.  *Id.* (citing *Kreines v. United States,* 959 F.2d 834, 837 (9th Cir. 1992)).

Plaintiff alleges Agent Tabaldi lied to a grand jury when he testified that Plaintiff traded a $1,600 note for a Corvette.  The complaint also alleges Tabaldi threatened Plaintiff, telling Plaintiff that if he tried to recover money owed to him, Tabaldi "had concealed boxes of evidence to re-arrest" Plaintiff.  Complaint 2.  Plaintiff also alleges that Tabaldi "unintentionally was deceived" by Defendants Marshall and Jiminez, which caused Tabaldi to wrongfully arrest Plaintiff.  Complaint at 4.  Two years after Plaintiff's arrest, Tabaldi allegedly threatened Plaintiff saying "you shut up and give up, or I'll get you."  *Id.*

Although difficult to tell, it appears Plaintiff is attempting to state a claim for wrongful arrest against Defendant Tabaldi.  The Fourth Amendment protects "[t]he right of people to be secure in their persons, houses, papers, and effects, against unreasonable search and seizure."  U.S. Const. amend. IV.  An arrest made without a warrant requires a showing of probable cause.  *Gilker v. Baker*, 576 F.2d 245, 246 (9th Cir. 2001).  An arrest made without probable cause or other justification provides the basis for a claim of unlawful arrest under § 1983 as a violation of the Fourth Amendment.  *Dubner v. City of San Francisco*, 266 F.3d 959 (9th Cir. 2001).  A warrantless arrest is reasonable where the officer has probable cause to believe a crime has been or is being committed.  *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004).  "If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender."  *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001).  However, Plaintiff has not alleged facts to support his Fourth Amendment claim or any other claim against Tabaldi.  He has also failed to allege the time frame during which Tabaldi's alleged conduct occurred.  Therefore, Plaintiff has failed

to state a *Bivens* claim, and his claims against Defendant Tabaldi will be dismissed with leave to amend.

Based on the foregoing,

**IT IS ORDERED** that:

1. Plaintiff's request to proceed in forma pauperis is GRANTED. Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars ($350.00).

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of the Court shall file the complaint.

4. Plaintiff's complaint is DISMISSED with leave to amend.

5. Plaintiff shall have until **January 17, 2013**, to file an amended complaint, if he believes he can correct the noted deficiencies. The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

6. Plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED COMPLAINT" on page 1 in the caption, and Plaintiff shall place the case number, **2:12-cv-00235-MMD-PAL**, above the words "FIRST AMENDED" in the space for "Case No."

7. Plaintiff is expressly cautioned that if he does not timely file an amended complaint in compliance with this order, this case may be immediately dismissed.

Dated this 17th day of December, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE