UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEITH HOFF,<br><br>                      Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                      Defendant. | Case No. 2:12-cv-00235-MMD-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION**<br><br>(Various Mtns - Dkt. ##11, 14, 15, 16, 17) |

      This matter is before the court on Plaintiff Keith Hoff's Motion to Amend Complaint (Dkt. #11), Second Motion to Amend Complaint (Dkt. #14), Motion to Submit Declaration for Trial or Arbitration (Dkt. #15), Motion to Submit Declaration for Trial or Arbitration (Dkt. #16), and Motion for Pretrial Hearing (Dkt. #17). The court has considered the various Motions.

      Plaintiff is proceeding in this matter pro se. On December 18, 2012, the court approved Plaintiff's Application to Proceed In Forma Pauperis (Dkt. #4) and screened his complaint pursuant to 28 U.S.C. § 1915. The court found Plaintiff's Complaint (Dkt. #7) failed to state a claim upon which relief could be granted, and dismissed the Complaint with leave to amend. Plaintiff requested an extension of time to file an amended complaint, and the court granted his request. *See* Order (Dkt. #10). The instant Motions followed.

      Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the

deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Plaintiff's Motions to Amend Complaint (Dkt. ##11, 14) are exceptionally difficult to follow and do not comply with Local Rule of Civil Practice 15-1(a) which requires a party to attach a proposed amended pleading to any motion to amend. In addition, the Motions were not required because the court already directed Plaintiff to file an amended complaint. Therefore, the court will construe these Motions as Plaintiff's amended pleading. With respect to Plaintiff's Motions to Submit Declarations (Dkt. ##15, 16), Rule 8 of the Federal Rules of Civil Procedure requires a complaint or amended complaint to contain "a short and plain statement of the claim showing the pleader is entitled to relief." *Id.* Additionally, Rule 8(e) states, "Each averment of a pleading shall be simple, concise, and direct." Taken together, these rules emphasize the requirement that pleadings should be clear and brief. Complaints should not be needlessly long, highly repetitive, or rambling. Declarations and other evidence need not be submitted. Therefore, the Motions to Submit Declarations are denied.

The allegations contained in the Motions to Amend are nearly incomprehensible. Plaintiff believes that his constitutional rights were violated by the United States, his former attorney, Patrick

Marshall, and retired United States Bankruptcy Judge Grube.  Plaintiff contends that Mr. Marshall paid for a subpoena in a case pending in the state of California, and "this caused a fraudulent judgment at trial in bankruptcy court."  *See* Motion (Dkt. #14) at 1.  Additionally, Plaintiff was involved in another state court case, which was removed to federal court, and "this fraudulent trial used misrepresentation of facts and evidence, they concealed and [sic] evidence that a court ex parte meeting occurred between the judge and Mr. Marshall."  *Id.* at 2.  Plaintiff asserts he was unlawfully imprisoned, which caused him physical and psychological damage.  He contends Mr. Marshall embezzled money from him and colluded with Judge Grube.  Plaintiff asks that this court order "the subpoena of confirmation of guarantee filed at San Benito County Recorder's Office" in 1991 or 1992, which will show that he is owed $1,729,000.00 plus interest.

Plaintiff's allegations are frivolous because they lack an arguable basis in law and fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A finding of frivolousness is warranted where the facts alleged are "clearly baseless."  *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *see also Ashcroft v. Iqbal*, – U.S. –, 129 S. Ct. 1937, 1959 (2009).  A court must not dismiss a complaint simply because the set of facts presented by the plaintiff appears to be unlikely; however, a complaint must allege facts "to state a claim that is plausible on its face."  *Bell Atl. Com. v. Twombly*, 550 U.S. 544, 570 (2007).  Because Plaintiff's Amended Complaint does not set forth a plausible claim, it is recommended that is be dismissed with prejudice.  Because allegations of other facts would not cure it, Plaintiff is not entitled to an additional opportunity to amend, and the court will recommend this case be dismissed.  Therefore, Plaintiff's Motion for Pretrial Hearing or Arbitration (Dkt. #17) is denied.

Based on the foregoing,

**IT IS ORDERED** that:

1. Plaintiff's Motions to Amend Complaint (Dkt. ##11, 14) are DENIED as MOOT, the court having previously granted leave to amend and Plaintiff having failed to comply with LR 15-1 and the court's prior order.
2. Plaintiff's Motions to Submit Declarations (Dkt. ##15, 16) are DENIED.
3. Plaintiff's Motion for Pretrial Hearing or Arbitration (Dkt. #17) is DENIED.

/ / /

**IT IS RECOMMENDED** that Plaintiff's Amended Complaint (Dkt. ##11, 14) be DISMISSED for failure to state a claim upon which relief can be granted.

Dated this 3rd day of June, 2013.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

### NOTICE

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court.  Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.