UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEITH HOFF,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No.: 2:12-cv-00235-JAD-PAL<br><br>**ORDER APPROVING REPORT OF FINDINGS AND RECOMMENDATION (#25), DISMISSING ACTION, AND DENYING PENDING MOTIONS (##18, 19, 20, 21,23, 25, 27, 29, 31, 33, 34, 35, 36, 37, 39, 40, 42)** |

    On June 4, 2013, United States Magistrate Judge Peggy A. Leen entered a Report of Findings and Recommendation (Dkt. #25) recommending the dismissal of Plaintiff's Amended Complaint for failure to state a cognizable claim in compliance with Local Rule 15-1 and the court's prior order, and denying all then-pending motions (Dkt. ##11, 14, 15, 16, 17).  The Report specifically notified Plaintiff that any objections to the findings and recommendations must be in writing, supported by a memorandum of points and authorities, filed within 14 days of the date of service of the Report, and entitled, "Objections to Magistrate Judge's Findings and Recommendations."  (Dkt. #25 at 4.)

    The time for filing Objections to Magistrate Judge's Findings and Recommendation passed without any such filing by the Plaintiff.  Plaintiff has filed a number of documents since the entry of the Report, and the Court has reviewed and considered those filings with leniency, taking into account the Plaintiff's pro se status.  None, however, appears to state an objection to the Report.

    This Court has reviewed the Report of Findings and Recommendation in accordance with 28

U.S.C. § 636 (b)(1) and Local Rule IB 3-2, along with Plaintiff's Amended Complaint (Dkt. #24), which the Court has read and construed liberally,[1] and the Court determines that Magistrate Judge Leen's Report of Findings and Recommendation (Dkt. #25) should be AFFIRMED for all the reasons stated therein and also because the Plaintiff's Amended Complaint (Dkt. #24) fails to cure the numerous and fundamental deficiencies previously identified.

**IT IS THEREFORE ORDERED** that the Court ADOPTS the entirety of the Report of Findings and Recommendation (Dkt. #25) and DISMISSES this action with prejudice under FRCP 12(b)(6) for failure to state a claim upon which relief can be granted.

The Court has also considered all other pending motions and rules as follows:

**IT IS FURTHER ORDERED** that Plaintiff's Motion to proceed *in forma pauperis* (Dkt. **#23) is DENIED** as MOOT; the Court granted leave to proceed in this capacity via Order dated December 18, 2012. (*See* Dkt. #6.)

**IT IS FURTHER ORDERED** that Plaintiff's Motion to add Lois Hoff and her estate as defendants (Dkt. **#34**) and Motion to Include Medicaid as a Plaintiff and USA, et al., as Defendants (Dkt. **#35**) are **DENIED**. Although leave to amend a complaint is freely granted when justice requires, FED. R. CIV. PROC. 15(a)(2), leave is not required when the requested amendment would be fruitless or futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) ("A district court, however, does not abuse its discretion in denying leave to amend where amendment would be futile."). Plaintiff has not demonstrated any cognizable legal or factual basis to add these parties to this action, and thus, amendment would be futile. Plaintiff has also failed to comply with Local Rule 15-1(a), which requires a party seeking leave to amend to "attach the proposed amended pleading to any motion to amend, so that it will be complete in itself without reference to the superseding pleading." L.R. 15-1(a). "Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." *Ghazali v.*

---

[1] *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (citations omitted).

*Moran*, 46 F.3d 52, 54 (9th Cir. 1995).  Plaintiff's failure to comply with Local Rule 15-1(a) is an independent reason that the request to amend should be denied here.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration/Settlement (Dkt. **#37**) is also **DENIED**.  A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000).  "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Arteaga v. Asset Acceptance, LLC*, 733 F. Supp. 2d 1218, 1236 (E.D. Cal. 2010).  Fundamentally, to obtain reconsideration of an order of the court, the movant must identify an order of the court that the movant desires to have reconsidered.  Plaintiff has not identified any order or other action of this Court that he seeks to have reconsidered, a prerequisite to reconsideration, and has therefore failed to satisfy his burden on reconsideration.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remove Judge and Bring in New Judge Before Trial (Dkt. **#36**) is **DENIED**.  The motion does not appear to ask for a new judge to preside over the instant case, as it refers to judicial misconduct that has "occurred for over 20 years," (Dkt. #36 at 2) and this case was filed in 2012.  To the extent that it could be very liberally construed as requesting a new judge in this matter, it is now MOOT: on August 7, 2013, this case was reassigned to a new judge.  (Dkt. #38.)

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Arbitration Hearing (Dkt. **#18**), Motions for Clerk to Enter Default (Dkt. **##19, 20**), Motion for Damages for Unlawful Imprisonment (Dkt. **#21**), Motion for the Return of Overpaid Taxes and Unlawful Concealment of Fraud by USA and IRS (Dkt. **#27**), Motion to Enter Default Judgment and Answer the Amended Complaint with Default Judgment (Dkt. **#29**), Motion with Notice to US Supreme Court for Judicial Review on Default (Dkt. **#31**), Motion for Clerk to Enter Default and Default Judgment in the Amount of $10,000,000.00 (Dkt. **#33**), Motion to Enter Default re Misrepresentation and Concealment by Court (Dkt. **#39**), Motion to Enter Default and for Default Judgement Cause Fraud

by USA and its Lawyers and Courts (Dkt. **#40**), and Motion to Enter Declaration of Keith Hoff (Dkt. **#42**) are **DENIED** as moot as this matter is being dismissed and because Plaintiff has failed to sustain his burden of demonstrating in these (primarily incomprehensible) filings any legal or factual basis for the relief requested by these motions.

**IT IS FURTHER ORDERED** that **this action is hereby DISMISSED with prejudice**. The Clerk of the Court shall enter judgment accordingly.

Dated August 23, 2013.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT COURT JUDGE

4