# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Keith Hoff,<br>    Plaintiff<br>vs.<br>United States,<br>    Defendant | Case No.: 2-12-cv-00235-JAD-PAL<br><br>**Order Certifying Lack of Good Faith for *in Forma Pauperis* Status on Appeal** |

The Ninth Circuit referred this matter to the District Judge to determine whether *in forma pauperis* status should continue on appeal.[1]  Doc. 48.  On careful review, this Court certifies that any *in forma pauperis* appeal from its order would be frivolous pursuant to 28 U.S.C. § 1915(a)(3). *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1987); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

This is a civil rights action by Plaintiff Keith Hoff, who alleges that FBI agents, his former attorney Patrick Marshall, "several" state and federal judges, and a handful of other persons and entities violated his Constitutional rights "over a period of 20 years."  Doc. 1 at 4.  The allegations contained in the Motions to Amend are nearly incomprehensible.  Plaintiff believes that his constitutional rights were violated by the United States, his former attorney, Patrick Marshall, and retired United States Bankruptcy Judge Grube.  Hoff contends that attorney Marshall paid for a

---

[1] The Court is—and at all times during the underlying matter was—mindful that federal courts must "liberally construe the 'inartful pleadings' of pro se litigants," such as the plaintiff in the instant case. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (quoting *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)).

subpoena in a case pending in the state of California, and "this caused a fraudulent judgment at trial in bankruptcy court." *See* Doc. 14 at 1. Additionally, Hoff was involved in another state court case, which was removed to federal court, and "this fraudulent trial used misrepresentation of facts and evidence, they concealed and [sic] evidence that a court ex parte meeting occurred between the judge and Mr. Marshall." *Id.* at 2. He further asserts he was unlawfully imprisoned, which caused him physical and psychological damage, and that Marshall embezzled money from him and colluded with Judge Grube. Hoff's request for relief includes a request that this court order "the subpoena of confirmation of guarantee filed at San Benito County Recorder's Office" in 1991 or 1992, which will show that he is owed $1,729,000.00 plus interest. This court found that Hoff's primarily incomprehensible pleadings and motions failed to state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6) and, accordingly, dismissed this action with prejudice. Doc. 44.

This is Hoff's third lawsuit involving these allegations. *See Hoff v. Marshall*, C 94-20693 JW, 1994 WL 618479 (N.D. Cal. Oct. 25, 1994); *Hoff v. I.R.S.*, 2:06-CV-0748-RCJ-PAL, 2007 WL 295611 (D. Nev. Jan. 29, 2007); *Hoff v. I.R.S.*, 2:06-cv-0748-RCJ-PAL, 2007 WL 2410358 (D. Nev. Aug. 20, 2007). His case before Judge James Ware in the Northern District of California involved a malpractice claim against attorney Marshall, whose alleged "collusion" and other misdeeds are at the heart of his theories in this case. *Compare Hoff*, 1994 WL 618479, at *1, *with* Doc. 24. The case before Judge Robert Jones in the District of Nevada alleged a fraudulent conspiracy involving attorney Marshall, Judge Grube, and others, and sought the return of taxes allegedly overpaid to the Internal Revenue Service. *Compare Hoff*, 2007 WL 2410358, at *1, *with* Doc. 24 *and* Doc. 27 (Motion for the Return of Overpaid Taxes and Unlawful Concealment of Fraud by USA and IRS). Thus, this court's August 23, 2013, dismissal of the instant action by the undersigned marked the third Hoff action based on some version of the same, primarily incoherent allegations dismissed by a district court in this Circuit. *See id.*; Doc. 44.

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Baseless claims include those "describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar."

*Neitzke v. Williams*, 490 U.S. 319, 328 (1989)).  And they include lawsuits that "merely repea[t] . . . previously litigated claims."  *Cato*, 70 F.3d at 1105 n.2 (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir.1988); *Denton v. Hernandez*, 504 U.S. 25, 30, 112 (1992)) (internal quotation marks omitted).  This legal standard describes the instant case and this appeal.  28 U.S.C. § 1915(a)(3).  Accordingly, the court determines that Hoff's appeal is frivolous and that *in forma pauperis* status should be revoked.[2]

    Good cause appearing, this Court hereby **CERTIFIES** its determination pursuant to 28 U.S.C. § 1915(a)(3) that any that any appeal from its August 23, 2013 Order would be frivolous and therefore not taken "in good faith."

    **IT IS ORDERED** that the Clerk of Court **SHALL SEND** this order to the United States Court of Appeals for the Ninth Circuit.

    DATED October 3, 2013.

_____
UNITED STATES DISTRICT JUDGE

---

[2] The Court also notes that whether Hoff himself truly desires to continue proceeding *in forma pauperis* is unclear from his filings.  He filed applications for leave to proceed *in forma pauperis* on April 18, 2012 and June 4, 2013.  Docs. 4, 23.  But less than one week later on June 10, 2013, Hoff complained that the Court's sending of the *in forma pauperis* application was wrongful and cause for disqualification.  Doc. 30.  He wrote:

> THE COURT MAILED PLAINTIFF AN APPLICATION FOR FORMA PAUPEROUS [sic] COMPLAINT.  THIS IS A DIRECT ATTEMPT TO UNDERMINE AN ENTRY OF DEFAULT ON CASE 2:12-CV-00235-MMD-PAL.  THIS IS NOT LAWFUL.  IT IS A DIRECT ATTEMPT TO AVOID ADMITTING IT DEFAULTED ON A VERIFIED COMPLAINT.  THIS IS NOT LAWFUL.  IT IS FRAUD BY THE COURT, A CAUSE TO DISQUALIFY THE JUDGE IN THE CASE.  NO JUDGE HAS THE RIGHT TO UNDERMINE A VERIFIED <u>AMENDED COMPLAINT</u>.

*Id.* at 1 (emphasis in original).