# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Keith Hoff,

    Plaintiff

v.

United States, et al.,

    Defendants

Case No.: 2:12-cv-00235-JAD-PAL

**Order Denying
Motion to Reopen [Doc. 51]**

    Before the Court is Plaintiff Keith Hoff's civil rights action against the United States, United States District Court, and his former attorney Patrick E. Marshall. This Court entered final judgment on August 23, 2013, when it dismissed the instant case with prejudice. Doc. 44. Hoff's Notice of Appeal was entered September 13, 2013. Doc. 46. On October 3, 2013, this Court certified pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from its August 23, 2013, order would be frivolous and therefore not taken in good faith. Doc. 49. Hoff filed a document entitled "Motion to Reopen the Case" on October 21, 2013, Doc. 51, and the Court now carefully considers this motion in light of applicable statutory and case law.

    "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (citation omitted); *see also Mayweathers v. Newland*, 258 F.3d 930, 935 (9th Cir. 2001) (writing that "[w]hen a notice of appeal is filed, jurisdiction over the matters being appealed normally transfers from the district court to the appeals court."). Hoff brought his Motion to Reopen Case, which the Court liberally construes

as a motion to reconsider under both Federal Rule of Civil Procedure 59 and FRCP 60(b), thirty-eight days after he filed his Notice of Appeal. *See* Doc. 46; Doc 51. *See also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (writing that pro se documents are "to be liberally construed"). "Accordingly, [the] motion to reconsider must be denied as this court was divested of its jurisdiction to consider matters presented by the [moving party] upon the filing of his Notice of Appeal." *United States v. Salzano*, 994 F. Supp. 1321, 1322 (D. Kan. 1998) (footnote omitted).

Even if Hoff had filed the instant motion before filing his Notice of Appeal, this Court could not grant the relief sought because the motion was untimely. Under Federal Rule of Appellate Procedure 4(a)(4), district courts retain jurisdiction over (1) motions to alter or amend judgment under FRCP 59 and (2) motions to reconsider under FRCP 60, when these motions are timely brought before the appellate court gains jurisdiction. *Miller v. Marriott Int'l, Inc.*, 300 F.3d 1061, 1063, 1065 (9th Cir. 2002).

FRCP 59(e) requires that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." When a motion is not timely brought within the requirements of Rule 59(e), "[t]he district court d[oes] not have jurisdiction to rule on [the] motion for reconsideration." *See Scott v. Younger*, 739 F.2d 1464, 1467 (9th Cir. 1984) (applying Rule 59(e) which, prior to the 2009 amendment, established a ten-day requirement when parties moved for reconsideration). This Court entered judgment when it dismissed Hoff's action with prejudice on August 23, 2013. Doc. 44. Hoff filed his Motion to Reopen Case on October 21, 2013, fifty-nine days after the entry of judgment. Doc. 51. He filed thirty-one days late, which translates into a full month after the deadline. Accordingly, this Court lacks jurisdiction to consider his motion under Rule 59.

Rule 60(b) establishes the same timeframe for bringing a motion in district court. "[A] notice of appeal filed after the district court announces judgment is not effective until the district court has disposed of all Rule 60(b) motions filed" within the required time after "entry of the order dismissing the case." *Miller*, 300 F.3d at 1063–64. District courts can consider granting "relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered." FED. R. APP. P. 4. Under FRAP 4(a)(4) and FRCP 60(b), Hoff was thirty-one days late in bringing this motion. The relief requested is

therefore barred by Hoff's decision to file a Notice of Appeal and by his untimeliness in seeking reconsideration at the district level.

Motions for reconsideration are not expressly authorized in the Federal Rules of Civil Procedure, but district courts may grant them under Rule 59(e). *See Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 179 F.3d 656, 665 (9th Cir. 1999). Reconsideration is only warranted when: (1) the movant presents newly discovered evidence, (2) the district court committed clear error or the initial ruling was manifestly unjust, or (3) there is an intervening change in controlling law. *Id.* (citing *All Haw. Tours, Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 648 (D. Haw. 1987)). Although reconsideration may also be warranted under other highly unusual circumstances, it is well recognized as an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2007) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). Hoff does not even reference this standard in his filing, let along make any effort to demonstrate the existence of new evidence, clear error or manifest injustice, or intervening change in law upon which the order dismissing his case should be set aside.

Accordingly, and for the reasons set forth above,

**IT HEREBY ORDERED** that Plaintiff's Motion to Reopen **[Doc. 51] is DENIED**.

DATED December 4, 2013.

_____
Jennifer A. Dorsey
United States District Judge